891 F.2d 296
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff/Appellee,
v.
Robert Lee GILL, Defendant/Appellant.
 No. 88-1322.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1989.*
Decided Dec. 1, 1989.
 
 Before CHOY, ALARCON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Lee Gill appeals his conviction for possession of firearms by a felon and making false statements to obtain firearms, in violation of 18 U.S.C. § 922(a)(6) and (g)(1). He contends that the district court erroneously denied his motion to suppress firearms seized pursuant to a warrantless search. Having found exigent circumstances justifying the warrantless search, we affirm.
 
 FACTS
 
 3
 On March 19, 1987, Phoenix police officers Greg Jimenez and Larry Babcock responded to a radio call regarding a family fight at an apartment complex. On their arrival, a resident of the apartment complex approached the officers and stated, "He--he shot his daughter, he shot her." The man directed the officers to the front of the complex where they found the defendant, Robert Gill, and a number of women and children whose identities and condition were then unknown to the officers. Gill was holding the wounded arm of his young daughter and stated, "I shot her and I'm taking her to the hospital." The officers separated Gill from the child, and called the paramedics. Witnesses at the scene told the officers that they had heard several gunshots.
 
 
 4
 Jimenez recognized that Gill was intoxicated. Gill later admitted that he had consumed up to ten beers and ten shots of whiskey that evening.
 
 
 5
 Officer Jimenez asked Gill the location of the gun. Gill responded that it was in his apartment and volunteered to get it for the officers. Officer Jimenez escorted Gill to his apartment where Gill pointed to a pistol on a shelf. Jimenez retrieved the pistol.
 
 
 6
 At this point, Phoenix Detectives Cooper and Hough arrived at the apartment. Gill again confessed to Cooper that he had shot his daughter. Cooper then asked Gill about the location of some other children depicted in a photograph on the wall. Gill responded, "Oh, I shot them all, too." He then retracted the statement. Cooper noticed bullet holes in the ceiling and, through an open doorway, observed a baby bed. He entered the bedroom to see if there were any other injured persons. Once inside the room, Cooper saw a semi-automatic rifle hanging on the bedroom wall, which he seized. Officer Jimenez then arrested Mr. Gill.
 
 
 7
 The government indicted Gill for two counts of possession of a firearm by a felon, and one count of making false statements to obtain a firearm in violation of 18 U.S.C. § 922(a)(6) and (g)(1). Gill moved to suppress the guns seized in the warrantless search. The government responded that exigent circumstances justified seizing the weapons. The district court denied the motion, concluding that, "under the circumstances of this case, the officers had the right, and perhaps and [sic] duty, to search the defendant's apartment for potential victims." A jury convicted Gill of all counts. The district court sentenced him to four years probation. Gill timely appeals.
 
 DISCUSSION
 1. Standard of Review
 
 8
 This court reviews the district court's determination of exigent circumstances de novo. United States v. Delgadillo-Velasquez, 856 F.2d 1292, 1298 (9th Cir.1988). The district court's findings of fact and determination regarding the credibility of witnesses are reviewed for clear error. United States v. Perdomo, 800 F.2d 916, 919 (9th Cir.1986). This court may affirm the district court on any ground fairly supported by the record. United States v. Smith, 790 F.2d 789, 792 (9th Cir.1986).
 
 2. Exigent Circumstances
 
 9
 We conclude that the situation just described presented the officers with exigent circumstances justifying their entry into Gill's apartment and the attendant search. First, the officers had probable cause, in light of the fact that several shots had been fired and other persons and members of Gill's family were in the vicinity, to believe that injured persons needing medical attention might be located in his apartment. That fact in itself may be sufficient to establish exigent circumstances. See United States v. Martin, 781 F.2d 671, 674-75 (9th Cir.1985); United States v. Good, 780 F.2d 773, 774-75 (9th Cir.), cert. denied, 475 U.S. 1111 (1986). In addition, the officers knew that there was a weapon that had been used, and that Gill told them it was in his apartment. See Good, 780 F.2d at 774-75; cf. New York v. Quarles, 467 U.S. 649, 657-59 (1984) (police may inquire without Miranda warnings as to whereabouts of gun hidden in public place).
 
 
 10
 Gill divides the searches in two. He first contends that no exigent circumstances justified the initial entry into his apartment because he was already in custody, and the weapon was not in his possession. Gill overstates the extent of control that the officers could reasonably believe that they had over the situation. The officers were entitled immediately to search for the weapon if they reasonably and in good faith concluded that there was a substantial risk of harm to others. See e.g., United States v. Doe, 819 F.2d 206 (9th Cir.1985). In Doe a police officer, responding to a radio dispatch for police and medical assistance, arrived at the scene and found the victim of a family fight lying shot on the front porch. The defendant, Doe, had fled. The officer immediately entered the house with family members, who gave the officer the loaded rifle used in the shooting. The court held that the officer reasonably concluded that a substantial risk of harm to himself and others existed and thus, exigent circumstances justified the warrantless entry to secure the residence for "the family, medical technicians and others." 819 F.2d at 210.
 
 
 11
 Gill cites United States v. Delgadillo-Velasquez, 856 F.2d 1292 (9th Cir.1988) for the proposition that there is no reason for a warrantless search inside a residence when a suspect is taken into custody outside the residence. In Delgadillo-Velasquez, all known suspects in the case were securely in police custody and posed no reasonable danger when the search was conducted. Here, however, the officers could not have been sure that others were not involved in the shooting or that the risk of harm to them and to others had abated at the time of their entry into Gill's apartment. Even more to the point, they could not be sure that other injured victims were not in the apartment.
 
 
 12
 Gill next argues that the trial court erred in refusing to suppress the rifle discovered in the bedroom. We reject this argument. We have already determined that the police were lawfully in appellant's apartment. They were justified in looking in the bedroom to see whether any other children were injured.
 
 
 13
 "The need to protect or preserve life or avoid serious injury is justification for what would be otherwise illegal absent an exigency or emergency." Wayne v. United States, 115 U.S.App.D.C. 234, 241, 318 F.2d 205, 212 (opinion of Burger, J.) And the police may seize any evidence that is in plain view during the course of their legitimate emergency activities. Michigan v. Tyler, supra, at 509-510; Coolidge v. New Hampshire, 403 U.S., at 465-466.
 
 
 14
 Mincey v. Arizona, 437 U.S. 385, 392-93 (1977).
 
 
 15
 In United States v. Good, 780 F.2d 773 (9th Cir.1986), we upheld a warrantless search on the basis of exigent circumstances where the police knew that the defendant's female companion had been stabbed and they had probable cause to believe she was inside the defendant's residence. During the search, the police seized a rifle that became the basis for the defendant's conviction for unlawful possession of a firearm by a felon.
 
 
 16
 Our case is comparable. During his search of the bedroom, Cooper discovered the semi-automatic rifle in plain view on the bedroom wall. He seized the weapon as evidence as well as to protect the family and police from further harm. Thus, his action satisfied the requirements of both the plain view exception ( see Coolidge v. New Hampshire, 403 U.S. 443, 458-64 (1971)) and the exigent circumstances exception.
 
 
 17
 Exigent circumstances alone, however, are insufficient; the government must also show that a warrant could not be obtained in time. United States v. Manfredi, 722 F.2d 519, 522 (9th Cir.1983). The facts here demonstrate that the police did not have time to obtain a warrant. It was proper for them not to delay in securing dangerous weapons, see Doe, 819 F.2d at 210, or searching for potential gunshot victims. See Martin, 781 F.2d at 674-75; see also Good, 780 F.2d at 774-75. Thus, the officers were justified in entering Gill's apartment without a warrant to secure the weapon and to search for other victims.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3